UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | CR115-040 |
| v. | ) | |
| | ) | |
| DANNIE O'BRIAN HILL | ) | |
| | ) | |

## CONSENT ORDER OF FORFEITURE

WHEREAS, on April 4, 2014, the United States filed a five Count Indictment in the Southern District of Georgia against Dannie O'Brian Hill (hereafter, the "Defendant") charging him with Distribution of Cocaine Base in violation of 21 U.S.C. § 841(a)(1), Possession with Intent to Distribute Cocaine Hydrochloride and Cocaine Base in violation of 21 U.S.C. § 841(a)(1), Possession of a Firearm in Furtherance Of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c), and Possession of a Firearm By a Convicted Felon in violation of 18 U.S.C. § 922(g)(1) docketed at CR114-28, Doc. 20;

WHEREAS, such Indictment included a forfeiture allegation pursuant to 21 U.S.C. § 853, which provided for the forfeiture of any property constituting or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses and any property used, or intend to be used, in any manner or part, to commit, or to facilitate the commission of the offenses. The property identified in the Indictment as subject to forfeiture included, but was not limited to, Twelve Thousand Two Hundred Twenty Six Dollars and Forty Six Cents ($12,226.46) of U.S. Currency;

WHEREAS, the Government filed an Information on April 20, 2015, charging

the Defendant with one count of Use of a Communication Facility in Causing or Facilitating the Commission of a Felony, in violation of 21 U.S.C. § 843(b);

WHEREAS, on April 20, 2015 Defendant pled guilty pursuant to a written plea agreement to Count One of the Information, charging the Defendant with violation of 21 U.S.C. § 843(b), Use of a Communication Facility in Causing or Facilitating the Commission of a Felony;

WHEREAS, pursuant to his plea agreement, the Defendant agreed to forfeit to the United States all right, title and interest in the sum of Twelve Thousand Two Hundred Twenty Six Dollars and Forty Six Cents ($12,226.46) of U.S. Currency ("the Subject Property") that was identified in the Indictment, as property constituting or derived from proceeds the Defendant obtained directly or indirectly, as a result of said offense, and property used or intended to be used to facilitate commission of the offense to which he entered a plea of guilty;

WHEREAS, the Defendant agreed to waive the provisions of the Federal Rules of Criminal Procedure 7(c)(2), 32.2, and 43(a) with respect to notice in the Information that the Government will seek forfeiture as part of any sentence in this case, and agreed that entry of this order shall be made a part of the sentence in or out of the presence of the Defendant and be included in the judgment in this case without further order of the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant to 21 U.S.C. § 853, 28 U.S.C. § 2461(c), and Rule 32.2(b)(1),

Federal Rules of Criminal Procedure, the Government has established the requisite nexus between such Property and such offense, and the Subject Property is hereby forfeited to the United States.

2. Upon the entry of this Order, in accordance with Fed. R. Crim. P. 32.2(b)(3), the Attorney General (or a designee) is authorized to seize the Subject Property, and to conduct any discovery that may assist in identifying, locating or disposing of the Subject Property, any property traceable thereto, or any property that may be forfeited as substitute assets.

3. Upon entry of this Order, the Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

4. To the extent that the Subject Property includes specific property and is not limited to a judgment for a sum of money, the United States shall publish notice of the order and its intent to dispose of the Subject Property on the Government's internet website, www.forfeiture.gov. The United States shall also provide written notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. See Fed. R. Crim. P. 32.2(b)(6).

5. Any person, other than the above named Defendant, asserting a legal

interest in the Subject Property may, within thirty (30) days of the receipt of notice, or within sixty (60) days of the first publication of notice on the internet website, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n) and 28 U.S.C. § 2461(c).

6. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Consent Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third-party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

7. Any petition filed by a third-party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

8. If a petition is filed by a third-party, and after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, the parties may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

9. The United States shall have clear title to the Subject Property

following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

10. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

11. The Clerk of the Court shall forward two certified copies of this order to Assistant U.S. Attorney C. Troy Clark, United States Attorney's Office for the Southern District of Georgia, P.O. Box 2017, Augusta, Georgia 30903.

Date: 7/8/2015

J. RANDAL HALL
JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

WE ASK FOR THIS:

C. Troy Clark
Assistant United States Attorney
Georgia Bar No. 811674
P.O. Box 2017
Augusta, Georgia 30903
(706) 724-0517

Date: 7/8/15

Dannie O'Brian Hill
Defendant

Date: 7-8-15

Bruce S. Harvey, Esq.
Attorney for the Defendant
Georgia Bar No. 335175

Date: 7/8/15

5