# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF GEORGIA
### AUGUSTA DIVISION

```
UNITED STATES OF AMERICA    *
                            *       1:15-cr-40-1
     v.                     *
                            *
DANNIE O'BRIAN HILL         *
                            *
```

## O R D E R

On April 20, 2015, Dannie O'Brian Hill pleaded guilty to one count of use of a telephone in causing or facilitating the commission of a felony in violation of 21 U.S.C. § 843(b). (Docs. 4, 6.) On July 9, 2015, this Court sentenced Mr. Hill to forty-eight months imprisonment and ordered him to pay a $1,000 fine. (Doc. 15 at 2, 5-6.) Now before the Court is Mr. Hill's motion to reduce his sentence under Federal Rule of Criminal Procedure 35. (Doc. 20.)[1] In his motion, Mr. Hill gives five grounds he believes support relief:

1. The Court enhanced Mr. Hill's sentence based on improper information listed in the Pre-sentence Investigation Report;

2. Trial Counsel did not object to Ground One or investigate Mr. Hill's prior convictions during the sentencing hearing;

---

[1] The face of Mr. Hill's motion is vague as to what statute or rule he wishes to invoke. Based on the motion's heading, the Clerk originally docketed the motion as § 2255 petition. But because the motion also invokes Federal Rule of Criminal Procedure 35, the Magistrate Judge interpreted the motion as made pursuant to Rule 35 and directed Mr. Hill to notify the Court whether he objected to that characterization. (Doc. 16.) On September 2, 2015, Mr. Hill notified the Court that he agreed with characterizing the motion as brought under Rule 35. (Doc. 18.) Accordingly, the Magistrate Judge closed Mr. Hill's § 2255 petition and instructed the Clerk to docket the present Rule 35 motion in CR 115-040. (Doc. 19.)

3. The Court misunderstood the facts of Mr. Hill's marriage status and the living arrangements of his children;

4. Trial Counsel did not object to Ground Three or ask Mrs. Stacey Hill about her relationship with Mr. Hill;

5. The Government engaged in a deliberately excessive delay in its pursuit of Mr. Hill.

(Doc. 20 at 3.)

Before reaching the merits of his motion, this Court must first determine whether it has the power to reconsider Mr. Hill's sentence. The general rule is that "[a] district court may not modify a term of imprisonment once it has been imposed, except where expressly permitted by Federal Rule of Criminal Procedure 35 . . . , and a district court lacks 'inherent power' to resentence a defendant." United States v. Barsena-Brito, 374 F. App'x 951, 951 (11th Cir. 2010) (citing United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002)). Therefore, this Court must analyze whether either subsection of Rule 35 is applicable to the facts of this case.

Under Rule 35(a), a district court may "correct a sentence that resulted from arithmetical, technical, or other clear error" within fourteen days after sentencing. Fed. R. Crim. P. 35(a). The Court sentenced Mr. Cummings on July 9, 2015, and he filed the present motion on July 21, 2015. (Doc. 17); see Hill v. United States, 1:15-cv-109, Dkt. No. 1 (S.D. Ga. July 21, 2015). Accordingly, his motion is timely under Rule 35(a).

As an initial matter, it is clear from the asserted grounds for relief that Mr. Hill does not contend the Court made an

2

arithmetical or technical error in imposing his sentence. With respect to clear error, the Eleventh Circuit has interpreted clear error in sentencing to be one that results in an illegal sentence, or one that "is of an acknowledged and obvious type." United States v. Lett, 483 F.3d 782, 789 (11th Cir. 2007). In other words, "the kind that would 'almost certainly result in a remand of the case to the trial court for further action.'" Id. (quoting Fed. R. Crim. P. 35 advisory committee's notes (1991)). Only Ground One in Mr. Hill's motion even alludes to an error of this type. (Doc. 20 at 3.) But Ground One is far too vague for the Court to determine that the sentence imposed constituted clear error under Rule 35(a).

Mr. Hill also claims relief under Rule 35(b). Rule 35(b) motions, which facilitate post-sentencing reductions for defendants who substantially assist in the investigation or prosecution of another person, are properly before the Court *only upon motion by the government*. Fed. R. Crim. P. 35(b)("Upon the *government's* motion made *within one year of sentencing*, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.")(emphasis added); see also United States v. Solis-Caceres, 440 F. App'x 892, 893 (11th Cir. 2011); United States v. Orozco, 160 F.3d 1309, 1315-16 (11th Cir. 1998); United States v. Crecelius, 751 F. Supp. 1035, 1036 (D.R.I. 1990), aff'd, 946 F.2d 880 (1st Cir. 1991) ("[D]efendant has no standing to move for a

3

reduction of sentence pursuant to Rule 35(b) because . . . only the government may move to reduce a sentence.") However, no such motion has been filed by the government in this case.

As neither section of Rule 35 applies here, Mr. Hill's Rule 35 motion is **DENIED**. (Doc. 20.)

**ORDER ENTERED** at Augusta, Georgia this 4th day of August, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

4